WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 11-08074-PCT-JAT |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Jefferson Gatewood, | ) ) | |
| Defendant. | ) ) ) | |

Pending before this Court is Defendant's Motion to Compel Unredacted Copy of Discovery (Doc. 173). The Court now rules on this motion.

**I. DEFENDANT'S MOTION TO COMPEL UNREDACTED COPY OF DISCOVERY.**

On April 17, 2012, Defendant filed a Motion to Compel Unredacted Copy of Discovery (Doc. 173) in order to gain access to all redacted portions of evidence currently in possession of the Government. (Doc. 173). Defendant states that the Government has redacted "names, addresses, mailing addresses, tribal enrollments" and only left the "initials of the person." *Id.* Additionally, Defendant asserts that some of the discovery "contains heavy redaction, which renders it essentially incomprehensible," while in other places the "dates of birth and contact information for percipient adult witnesses has been redacted." *Id.* at 2. The Government asserts that it is unwilling to give the defense unredacted discovery because "[t]he victims in this case have alleged that they have been raped by the defendant,"

"many of the victims are scared of the defendant," and "recent investigation has revealed that friends and family of the defendant have been contacting several victims and witnesses ...[and] attempting to intimidate them and keep them from cooperating." (Doc. 181 at 6).

Additionally, the Government indicates that it has been very accommodating of the defense's request for information; it has even gone so far as to contact witnesses and victims on behalf of Defendant regarding requests for interviews. *Id.* at 5-6. The Government explains that it has unredacted any specific information that the defense has asked for, but will not comply with a request to provide unredacted information without specificity. *Id.* at 8. In response to inquiries regarding Defendant's reason for requesting, among other things, the social security numbers, addresses, and phone numbers of the witnesses and victims, Defendant has asserted that he seeks to research the criminal and public records of the witnesses and victims. (Doc. 183 at 2). Beyond this, Defendant will not give more justification for his request because Defendant claims that doing so would be impossible "without revealing the nature of the defense investigation, the strategy of the defense, and potential defenses at trial." *Id.* Defendant also bases the decision not to specify which information he requires on his argument that "[t]his process is too cumbersome, time-consuming and costly to continue." (Doc. 173 at 2).

### A. Legal Standard

The primary, controlling legal rule is Rule 16 of the Federal Rules of Criminal Procedure. This Rule governs Discovery and Inspection, and outlines what information the Government must disclose. Rule 16 provides that the Government must provide the defense with "photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control" and if "the item is material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i). Additionally, sections 3771 and 3509 of Title 18 of the United States Code govern the rights provided to victims during trials; specifically they provide a right to privacy for victims. Furthermore, any statements or reports in possession of the Government made by a witness or prospective witness cannot be "the subject of subpoena,

discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500.

However, in *Brady,* the Supreme Court recognized that when the prosecution suppresses evidence favorable to the accused that suppression constitutes a violation of Due Process. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The Ninth Circuit Court of Appeals has recognized that the Government has "no right to interfere with defense access to witnesses" and "both sides have a right to interview witnesses before trial." *United States. v. Cook*, 608 F.2d 1175, 1180 (9th Cir. 1979). Finally, it is important to note that "[i]mpeachment evidence is especially likely to be material when it impugns the testimony of a witness who is critical to the prosecution's case." *U.S. v. Price*, 566 F.3d 900, 914 (9th Cir. 2009) *quoting Silva v. Brown*, 416 F.3d 980, 987 (9th Cir. 2005). The Court in *Price* also indicated that exculpatory evidence is so material to a trial that it "cannot be kept out of the hands of the defense." *Id.* at 909.

**B.     Analysis**

Here, the primary issue is whether the currently redacted information is favorable to the Defendant and material to his case in some way. Defendant argues that the Government's unwillingness to provide him with addresses and identifying information "does in fact interfere with the investigation of the defense" because of "the extreme logistical problems with locating and interviewing witnesses on the White Mountain Apache Indian Reservation." (Doc. 183 at 1). This argument is unavailing. The Government has delivered, on the behalf of the defense, requests to interview the witnesses and victims, requested criminal histories, and has, so far as this Court can ascertain from the record, complied with all specific and justified requests for information. (Doc. 181 at 12). Simply because Defendant is unable to convince witnesses and victims to consent to an interview does not imply that the Government is interfering with defense access to witnesses. Indeed, Defendant seems to have been able to locate and contact at least one of the victims without the redacted

information. (Doc. 181 at 5).[1] Logistical issues do not entitle Defendant to unredacted discovery. The case law included in the parties' briefs shows no duty on the Government to disclose all information, and the relevant statutes state a duty to withhold much of the currently redacted information on privacy grounds. 18 U.S.C.3771(a)(8). Defendant has not claimed that any of the redacted information is impeaching or exculpatory. (Doc 173). Instead, Defendant has indicated that the redacted information may help locate witnesses and victims. (Doc. 183 at 2-3). These two claims are not one and the same.

Furthermore, the Court cannot rely on Defendant's argument that he cannot, for strategic reasons, provide justification. Rule 16 requires discovery only when that information can be shown to be "material" to Defendant's case. Fed. R. Crim. P. 16. In the Motion before the Court, Defendant has made no argument that the redacted information is material or favorable to the defense. Defendant has merely asserted that asking for specific information is too difficult a process to follow. (Doc. 173 at 4). Additionally, Defendant has made no argument that he requires any specific portions of the redacted information. If Defendant can specify what information he needs and can provide a reason that it is material to his case, the Court might order disclosure. Finally, Defendant has no general right to unredacted discovery, especially in light of the nature of the charges at issue in this case and the allegations of witness intimidation. *See generally Gregory v. United States*, 369 F.2d 185 (U.S. App. D.C. 1966), *cert. denied,* 396 U.S. 865 (1969) (recognizing exceptions when there is an "overriding interest in security.").

**C. Conclusion**

Because the Government has complied with any and all *specific* requests for redacted information that Defendant has been able to provide a reason for requesting, and because the

---

[1] The Government has information regarding an email that was sent to a minor victim in the case. This email was a request to "meet and discuss this case with the defense." (Doc 181 at 5). The defense has since sent written correspondence to this victim's guardian through the agents of the Government. *Id.* Both requests for an interview have been subsequently refused. *Id.*

Government has complied with all discovery rules, Defendant is not entitled to unredacted discovery. Additionally, the Court's decision is solidified both by the sensitive nature of this case and Defendant's unwillingness to justify his request further.

Based on the foregoing,

**IT IS ORDERED** denying Defendant's Motion to Compel Unredacted Copy of Discovery (Doc. 173).

DATED this 18th day of June, 2012.

James A. Teilborg
United States District Judge